UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMMUNITY TRUST BANCORP, INC., a Kentucky corporation, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:13-CV-0084-G |
| COMMUNITY TRUST FINANCIAL CORPORATION , a Louisiana corporation, ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court are (1) the defendants' motion to transfer venue under 28

U.S.C. § 1404(a) (docket entry 14) and (2) the plaintiff's motion to strike evidence

contained in defendants' rebuttal in support of their motion to transfer to the

Western District of Louisiana (docket entry 34).  For the reasons set forth below, the

defendants' motion is denied and the plaintiff's motion is denied as moot.

I.  BACKGROUND

The plaintiff, Community Trust Bancorp, Inc. (the "plaintiff"), is a Kentucky

corporation with a place of business in Pikeville, Kentucky.  *See* Complaint ¶ 2

(docket entry 1).  The plaintiff provides banking and financial services in Kentucky, Tennessee, and West Virginia and has customers in other states including Texas.  *Id.* ¶ 8; *see also* Plaintiff's Response in Opposition to Defendant's Motion to Transfer Venue to the Western District of Louisiana ("Response") at 2 (docket entry 24).  On September 30, 1994, the plaintiff applied for federal registration of the trademark COMMUNITY TRUST®.  Complaint ¶ 10.  U.S. Registration No. 1,946,537 ("'537") was issued on January 9,1996 for the mark COMMUNITY TRUST® to identify "banking and trust management services; investment and financial management advisory services." *Id*.

The defendants are Community Trust Financial Corporation, a Louisiana holding company headquartered in Ruston, Louisiana, and Community Trust Bank, its wholly-owned subsidiary headquartered in Choudrant, Louisiana (the "defendants").  *See* Defendants' Memorandum Brief In Support of Their 28 U.S.C. § 1404(A) Motion to Transfer To The Western District Of Louisiana ("Motion to Transfer") at 2 (docket entry 14-1).  The defendants operate branches in Louisiana, Mississippi, and Texas.  Complaint ¶ 29.  The defendants allegedly used the marks COMMUNITY TRUST, COMMUNITY TRUST BANK and COMMUNITY TRUST BANK & designs, and the trade names Community Trust Financial Corporation, Community Trust Services Corporation and Community Trust Bank prior to and following the issuance of '537 on January 9, 1996.  *Id.* ¶¶ 15, 29-30.

The plaintiff alleges that the defendants' infringement of its mark has caused a likelihood of confusion, deception and mistake on the part of consumers. *Id*. ¶ 31. The defendants claim to have operated under the mark COMMUNITY TRUST BANK in a limited territory since 1987. Answer and Counterclaim of Defendants Community Trust Financial Corporation and Community Trust Bank ("Answer") ¶¶ 1-2 (docket entry 15). The defendants have filed a counterclaim alleging common law rights to the marks the defendants have used and damages caused by the plaintiff's infringement and confusion stemming from this infringement. *Id*. ¶¶ 2-5.

On May 19, 2010, the plaintiff filed its written notice with the U.S. Patent and Trademark Office ("USPTO") opposing the registration of the defendants' U.S. Service Mark Registration Application Ser. No. 76/685,026 for the mark COMMUNITY TRUST BANK & Design to identify "banking services" (the "'026 Application"). Complaint ¶¶ 17-18. The plaintiff also filed a complaint in the United States District Court for the Eastern District of Kentucky (the "Kentucky Action"), Civil Action No. 7:10-CV-00062-KKC, seeking both legal and equitable relief for trademark/service mark/trade name infringement and unfair competition under the Lanham Act pursuant to 15 U.S.C. § 1121. *Id.* ¶ 19. The opposition filed by the plaintiff with the USPTO is currently suspended. *Id.* ¶ 18. The Kentucky Action eventually reached the Sixth Circuit Court of Appeals. *Id*. ¶ 20. The Sixth Circuit reversed the district court's judgment finding personal jurisdiction and

dismissed the action.  *Id.* ¶ 20.  The plaintiff then filed the complaint in this case on January 7, 2013.  *Id.*

On February 8, 2013, the defendants filed the instant motion for transfer under 28 U.S.C. § 1404(a) to the Western District of Louisiana-Monroe Division. *See generally* Motion to Transfer.  On March 13, 2013, the plaintiff filed its Motion to Strike Evidence Contained in Defendants' Rebuttal In Support Of Their Motion To Transfer and Brief In Support Thereof ("Motion to Strike") (docket entry 33).

## II. ANALYSIS

### A. Motion to Strike

The motion to strike is denied as moot, because the court did not rely on the evidence sought to be stricken in deciding the motion to transfer.  See *Hart v. Dallas County Hospital District*, 2013 WL 991249, at *3 (N.D. Tex. Mar. 13, 2013) (Fish, J.).

### B. Motion to Transfer under 28 U.S.C. § 1404(a)

#### 1. *Legal Standard*

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376

- 4 -

U.S. 612, 616 (1964) (internal quotations omitted).  The decision to transfer a

pending case is committed to the sound discretion of the district court.  *Jarvis*

*Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir. 1988).

"It is well settled that the party moving for a change of venue bears the burden

of demonstrating why the forum should be changed."  *Dupre v. Spanier Marine*

*Corporation*, 810 F.Supp. 823, 825 (S.D. Tex. 1993) (citing *Time, Inc. v. Manning*, 366

F.2d 690, 698 (5th Cir. 1966)).  Placing the burden on the moving party to show

"good cause" for the transfer "reflects the appropriate deference to which the

plaintiff's choice of venue is entitled."  *In re Volkswagen of America, Inc.*, 545 F.3d 304,

315 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009).  Unless the

transferee district is "clearly more convenient," the plaintiff's choice of venue should

be respected.  *Id.* at 315.

Several factors may cause the deference given to the plaintiff's choice of venue

to be diminished.  First, the court may give less deference if most of the operative

facts occurred outside the district.  See *Baxa Corporation v. ForHealth Technologies, Inc.*,

2006 WL 680503, at *2 (N.D. Tex. Mar. 15, 2006) (Fitzwater, J.).  A second factor

is whether the plaintiff originally filed suit in another district.  See *DataTreasury*

*Corporation v. First Data Corporation*, 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003)

(Kaplan, M.J.).  Finally the court may consider whether the plaintiff brought suit

outside of its home district.  See *Baxa Corporation*, 2006 WL 680503, at *2.

"The preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue." *Volkswagen*, 545 F.3d at 312 (internal quotations omitted).  This requires a finding that the transferee court has jurisdiction over the defendant and that venue in the transferee district would be proper.  *Frost v. ReliOn, Inc.*, 2007 WL 670550, at *2 (N.D. Tex. Mar. 2, 2007) (Fish, C.J.) (quoting *Illinois Union Insurance Company v. Tri Core Inc.*, 191 F. Supp. 2d 794, 797 (N.D. Tex. 2002)).  Once jurisdiction and venue in the transferee court are established, the court must weigh eight private and public interest factors to determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *Volkswagen*, 545 F.3d at 315.  The four private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*  The four public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*  These two lists of factors are neither exhaustive nor exclusive, and no single factor should be given dispositive weight. *Id.*

2. *Application*

The threshold question in a § 1404(a) analysis is whether the civil action might have been brought in the transferee court.  In this case, neither the plaintiff nor the defendants dispute the fact that this case could have been brought in the Western District of Louisiana.  The next question, then, is whether transferring the case would be for the convenience of parties and witnesses, and in the interest of justice.  To make this determination, the court must consider the private and public interest factors set forth in *Volkswagen*.

C. Private Interest Factors

The first private interest factor the court must consider is "the relative ease of access to sources of proof."  See *Volkswagen*, 545 F.3d at 315.  The majority of the evidence will be located either in Kentucky, where the plaintiff is located, or Louisiana, where the defendants' marketing is generated and all documents pertaining to those decisions are maintained.  *See* Motion to Transfer at 4.  In order for "ease of access" to weigh in favor of the defendants, however, they must show that the volume of the evidence is so large as to be inconvenient, expensive, or that the production of evidence would be otherwise "unduly burdensome."  See *Acumen Enterprises, Inc. v. Morgan*, 2011 WL 5822252, at *6 (N.D. Tex. Nov. 15, 2011) (Lindsay, J.); *NDC Investments LLC v. Lehman Brothers, Inc.*, 2006 WL 2051030, at *4 (N.D. Tex. July 21, 2006) (Fitzwater, J.); *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products,*

*LLC*, 2009 WL 2634860, at *4 (N.D. Tex. Aug. 26, 2009) (Fitzwater, C.J.).

Although the defendants state that the documents pertaining to their decisions

regarding marketing, including all decisions regarding their use of the mark, are

located in Louisiana, *see* Motion to Transfer at 4, they failed to produce any evidence

to demonstrate that these records would be so voluminous as to cause inconvenience,

great expense, or to otherwise be unduly burdensome to transfer to Texas.

On the plaintiff's side, there is no showing that evidence would be more

accessible in Texas than in Louisiana.  The plaintiff argues that the residence of the

non-party witnesses is in Texas, so that this factor should weigh against transfer.

Response at 5-6.  However, the "ease of access" factor only concerns documents and

physical evidence related to the case.  See *Volkswagen*, 545 F.3d at 316.  Therefore,

the weight of this factor is neutral.

The second private interest factor is "the availability of compulsory process to

secure the attendance of witnesses."  See *Volkswagen*, 545 F.3d at 315.  Under Rule

45, a subpoena may be served anywhere "within the district of the issuing court" or

"within 100 miles of the place specified for the deposition, hearing, trial, production,

or inspection."  FED. R. CIV. P. 45(b)(2)(A)-(B).  The defendants aver that the

majority of the non-party witnesses are located in Louisiana.  *See* Motion to Transfer

at 5-6.  The plaintiff identifies possible third party-witnesses in Texas.  *See* Response

at 5.  However, if this factor is to carry any weight, a party should "identify any

unwilling witnesses whose testimony may need to be compelled." *Dymatize Enterprises, Inc. v. Maximum Human Performance, Inc.*, 2010 WL 972240, at *3 (N.D. Tex. Feb. 28, 2010) (Ramirez, M.J.) (internal citations omitted), *rec. adopted by* 2010 WL 980996 (N.D. Tex. Mar. 16, 2010) (O'Connor, J.).  Neither the plaintiff nor the defendants have identified any witnesses who would be unwilling to travel to either the Northern District of Texas or the Western District of Louisiana.  Therefore, the weight of this factor is neutral.

The third private interest factor is "the cost of attendance for willing witnesses."  See *Volkswagen*, 545 F.3d at 315.  "The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue."  *The Whistler Group, Inc. v. PNI Corporation*, 2003 WL 22939214, at *3 (N.D. Tex. Dec. 5, 2003) (Fish, C.J.) (internal citations omitted).  This factor "primarily concerns the convenience of nonparty witnesses."  *John Crane Production Solutions, Inc. v. R2R & D, LLC*, 2012 WL 1605553, at *4 (N.D. Tex. May 8, 2012) (Fitzwater, C.J.) (citing *USPG Portfolio Two, LLC v. John Hancock Real Estate Finance, Inc.*, 2011 WL 1103372, at *4 (N.D. Tex. March 25, 2011) (Fitzwater, C.J.)).  In order for the factor to weigh in favor of a party, the party must at least clearly identify key witnesses it intends to call.  See *USPG Portfolio*, 2011 WL 1103372, at *4 (citing 15 Charles A. Wright, *et al.*, *Federal Practice and Procedure* § 3851, at 221-22 (3d ed. 2007)).

The defendants state by affidavit only that there are "current and former employees who are *likely* to be called as witnesses" and that "The Greystone Project's Louisiana office['s] . . . current and former employees *may* have relevant knowledge." *See* Affidavit of James K. Kendrick ("Kendrick Aff."), Exhibit A to Motion to Transfer ¶¶ 7-8 (docket entry 14-2) (emphasis added).  The defendants fail to identify specifically and clearly any key witnesses, and they also fail to identify any nonparty witnesses.

Similarly, the plaintiff only mentions that there is some "presence of third-party witnesses in Texas." *See* Response at 5.  The plaintiff argues that it would be more difficult for its employees to travel from Kentucky to the Western District of Louisiana than to travel to the Northern District of Texas.  Response at 7-8.  However, this court has addressed a similar issue and concluded that merely having to fly slightly further is not inconvenient enough to justify refusing transfer.  In *DataTreasury Corporation v. First Data Corporation*, the plaintiff argued against a transfer from the Northern District of Texas to the Eastern District of Texas, claiming that "[t]ransportation in and out of DFW International Airport is [] much easier than flying into the Texarkana airport, which only offers flights *from DFW airport*."  243 F.Supp. 2d at 595 (quoting Plf. Resp. Br. at 8) (emphasis in original).  The court concluded that "[t]he minor inconvenience plaintiff may suffer in having to litigate this action in Texarkana, less than 200 miles away, rather than in Dallas, does not in

itself preclude transfer to the Eastern District of Texas." *Id*.  Similarly, the minor inconvenience the plaintiff may suffer by litigating in the Western District of Louisiana, less than 300 miles away, does not preclude transfer.  Furthermore, even were the court to accept this argument, "[t]he court assigns little weight to the convenience to [a party's] employees because this factor 'primarily concerns the convenience of nonparty witnesses.'" *John Crane*, 2012 WL 1605553, at *5 (quoting *USPG Portfolio Two*, 2011 WL 1103372, at *4).  Therefore, the weight of this factor is also neutral.

The fourth private interest factor requires the court to consider "all other practical problems that make trial of a case easy, expeditious and inexpensive."  See *Volkswagen*, 545 F.3d at 315.  The plaintiff argues that the location of its counsel should weigh against transfer.  Response at 9.  However, not only is the plaintiff's lead counsel in Kentucky, *see* Complaint at 14, thus making travel to either Texas or Louisiana equally inconvenient, but the Fifth Circuit has noted that "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003).  Therefore, the weight of this fourth factor is neutral as well.

D.  Public Interest Factors

The first public interest factor is "the administrative difficulties flowing from court congestion."  *Id.*  The plaintiff cites recent federal court management statistics which suggest that the Western District of Louisiana has a longer median time between filing and trial than the Northern District of Texas.  Response at 10.  However, these statistics fail to take into consideration the special rules and procedures trademark cases tend to have.  It is necessary to consider statistics related to trademark cases, not general cases, in deciding how to weigh this factor in trademark cases.  See *Dymatize*, 2010 WL 972240, at *4.  The weight of this factor is therefore also neutral.

The second public interest factor is "the local interest in having localized interests decided at home."  *Volkswagen*, 545 F.3d at 315.  The plaintiff argues that, due to the trademark infringement occurring in the Northern District of Texas, the Northern District has a local interest in the case.  Response at 11.  However, local interests that "could apply virtually to any judicial district or division in the United States," *Volkswagen*, 545 F.3d at 318, are to be "disregarded in favor of particularized local interests."  *ATEN International Company Limited v. Emine Technological Company, Limited*, 261 F.R.D. 112, 125-26 (E.D. Tex. 2009).  The alleged source of trademark infringement is not only from the defendants' use of the marks on buildings, but also from the defendants' website.  Complaint ¶ 30.  Because the website is accessible

from any location with internet access, this form of local interest "could apply virtually to any jurisdiction or division in the United States," and should then be "disregarded in favor of particularized local interests." *ATEN*, 261 F.R.D. at 125-26.

Between the location and nature of the defendants' business and the subject matter of this case, there is little particularized local interest in the case for the Northern District.  The headquarters of the defendants' business is in Louisiana, the decisions regarding the mark in question are made in Louisiana, and the content of the website in question is managed and created by employees located in Louisiana. *See* Kendrick Aff. ¶¶ 3, 6, 9.  Furthermore, neither party is a Texas corporation and neither party has its principal place of business in the Northern District of Texas. Finally, Louisiana has a local interest in "vindicating the rights of a [Louisiana] corporation." *Paragon Industries, Limited Partnership v. Denver Glass Machinery, Inc.*, 2008 WL 3890495, at *3 (N.D. Tex. Aug. 22, 2008) (Lynn, J.).  For these reasons, the court concludes that the Western District of Louisiana, and not the Northern District of Texas, has a stronger local interest in this case.

The plaintiff argues that the defendants' prior use defense removes any local interest the Western District of Louisiana has in the case.  Response at 11-12.  Under the defendants' prior use defense, no infringement occurred in the Western District of Louisiana, because their use of the mark in Louisiana received protection under the common law.  Infringement would, however, still be continuing in the Northern

- 13 -

District of Texas, because the defendants did not have prior use of the trademarks in Texas prior to the plaintiffs registering their mark with the USPTO.  The court does not find this argument persuasive, but at most it weighs slightly in favor of the plaintiff (and against transfer).  In light of the other relatively strong particularized local interests of Louisiana in this case, the court concludes that the local interest factor weighs in favor of transfer.

The third public interest factor, "the familiarity of the forum with the law that will govern the case," and the fourth public interest factor, "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law," *Volkswagen*, 545 F.3d at 315, are not mentioned by either party.  This is because the same law will be administered by courts that are equally familiar with the law regardless of venue, due to the nature of suits arising under the Lanham Act.  Both of these factors, therefore, are of no weight on this motion.

### 3. *Balancing Factors*

On the basis of the foregoing analysis, the court concludes that the defendants have not met their burden of demonstrating that the Western District of Louisiana is "clearly more convenient than the venue chosen by the plaintiff."  See *Volkswagen*, 545 F.3d at 315.  Only one factor, the local public interest factor, weighs in favor of transfer.  And while it is true that the plaintiff's choice of forum is entitled to less deference here (because the plaintiff is located in another district, first brought the

case in another district, and the operative facts of the case did not occur in this district), seven of the eight factors suggest that a transfer would not yield any substantial private or public benefit.  The court does not believe that a single factor, which is not to be "given dispositive weight," *Volkswagen*, 545 F.3d at 315, is enough to justify a transfer of venue.  The defendants' motion to transfer is therefore denied.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to transfer venue is **DENIED** and the plaintiff's motion to strike is **DENIED** as moot.

**SO ORDERED**.

June 24, 2013.

A. JOE FISH
**Senior United States District Judge**